# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60434
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 4, 2016

Lyle W. Cayce
Clerk

E. C., a minor, by and through Shane and Andrea Cooley, as parents, guardians and next friends; SHANE COOLEY, individually; ANDREA COOLEY, individually,

> Plaintiffs - Appellants

v.

MICHAEL SARACO; AMANDA SARACO,

> Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:14-CV-225

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

E.C., a minor, through her parents Shane and Andrea Cooley, sued Michael and Amanda Saraco seeking damages for injuries resulting from an attack by the Saraco's pet dog, Sky. The Saracos moved for summary judgment, which the district court granted. E.C. appeals. Because there is no genuine

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60434

dispute as to any material fact and the defendants are entitled to judgment as a matter of law on all claims, we AFFIRM.

## I.

This suit arises out of a dog attack that occurred at the Sun Roamer Campgrounds, near Picayune, Mississippi. The Cooley family was staying next to the Saraco family at the campgrounds. On September 17, 2011, Michael Saraco took the family's pet standard poodle, Sky, out of the camper and tied him to a telephone pole so that Michael and his wife Amanda could unload groceries. Meanwhile, one of the Saraco daughters went to play with the five-year-old Cooley girl, E.C. Soon after, E.C. and the Saraco girl walked over to Sky, and E.C. began to pet him. Sky reacted negatively, jumping on E.C., knocking her to the ground, and scratching her. E.C. started screaming, which apparently energized Sky, and he bit her while she was on the ground. But the screaming alerted the Saracos, who soon came outside to quell the incident. E.C. suffered injuries to her face, right shoulder, arm, and side from the attack. Before the attack, Sky had never reacted in a similar manner, nor had he barked at, growled at, bitten, or otherwise hurt anyone.

E.C., through her parents Shane and Andrea Cooley, sued Michael and Amanda Saraco seeking damages for her injuries resulting from the attack. The Saracos moved for summary judgment, which the district court granted. E.C. appealed.

## II.

This court reviews a grant of summary judgment de novo. *Feist v. La., Dep't of Justice, Office of the Att'y Gen.*, 730 F.3d 450, 452 (5th Cir. 2013). Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "We must view all facts and evidence in the light most favorable to the non-moving party when considering a motion

No. 15-60434

for summary judgment." *Juino v. Livingston Parish Fire Dist. No. 5*, 717 F.3d 431, 433 (5th Cir. 2013).

### III.

Under Mississippi law, "an animal owner may be exposed to liability for an attack by his or her animal when: (1) There is some proof that the animal has exhibited some dangerous propensity or disposition that the owner was aware of prior to the attack complained of; and, (2) There is proof that the owner reasonably should have foreseen that the animal was likely to attack someone." *Olier v. Bailey*, 164 So.3d 982, 990 (Miss. 2015). An actual physical attack is not necessary to put an owner on notice of his or her animal's dangerous propensities. *Id.* at 993. Instead, the Mississippi Supreme Court has held that evidence of "barking, growling, and chasing" can be sufficient to put an animal's owner on notice of the animal's dangerous propensity. *Id.* (citing *Mongeon v. A & V Enters., Inc.*, 733 So.2d 170, 172 (Miss. 1997)). Any tendency of a dog to injure someone, even if directed out of playfulness, is sufficient to expose the dog's owner who is aware of such tendency to liability. *Mongeon*, 733 So.2d at 172.

E.C. argues that the district court erred by failing to find a genuine dispute of material fact as to whether Sky had exhibited any characteristic or habit that might result in injury to a human being and whether Sky had previously engaged in behavior from which the Saracos could reasonably foresee the injury to E.C. For support, E.C. points to the testimony that Sky previously "reared up" on his owner, that Sky had tender ears, and that E.C. did not know how to properly pet Sky. E.C.'s examples are unavailing.

Sky rearing up when he first greets others and jumping up on his owner is not enough to survive summary judgment. E.C. has provided no evidence that Sky's tendency to excitedly greet people ever caused an injury or danger before the attack. Such common excitement from a household pet, without ever

causing harm to his owner or others, does not alert his owner to a potentially dangerous habit nor to a reasonably foreseeable attack on another.

E.C.'s argument that Sky had tender ears is equally unconvincing. The testimony E.C. relies upon establishes that Sky did not like his ears to be touched, but it fails to show that Sky ever acted overly aggressive or dangerously when they were touched. Thus, nothing suggests that the Saracos should have foreseen that Sky would react to someone touching his ears by attacking them.

Likewise, E.C.'s argument that the Saracos knew that she did not know how to properly pet Sky is unpersuasive. Although any pet owner should be more alert when children are around their pet, no evidence suggests that E.C.'s previous interactions with Sky forewarned the Saracos of a foreseeable attack or any dangerous propensity.

We agree with the district court's finding that this "case lacks any evidence that the defendants' dog had exhibited a vicious or dangerous disposition, or that the defendants were on notice of the same, or that they could have reasonably foreseen that the dog was likely to attack someone." *E.C. v. Saraco*, No. 1:14CV225-LG-JCG, 2015 WL 3397992, at *3 (S.D. Miss. May 26, 2015). Therefore, summary judgment in favor of the Saracos was appropriate. AFFIRMED.